State of Minnesota

District Court

| County of Hennepin | Judicial District: | Fourth |
|---|---|---|
| | Court File Number: | |
| | Assigned Judge: | |
| | Case Type: | |
| | | Civil |

Michael Smith
Plaintiff

**SUMMONS**

VS.

Monarch Recovery Management, Inc.
Defendant

THE STATE OF MINNESOTA TO THE ABOVE-NAMED DEFENDANT:

You are hereby summoned and required to serve upon Plaintiff or his Attorney an answer to the complaint which is herewith served upon you within twenty (20) days after service of this summons upon you, exclusive of the day of service. If you fail to do so judgment by default will be taken against you for the relief demanded in the complaint.

Rule 114 of the Minnesota General Rules of Practice provides for use of alternative dispute resolution ("ADR") in most cases. Notice of ADR processes will be provided by the Court Administrator after this action is filed.

Dated: December 23, 2011

Brian Chan, esq.
Atty. Reg. No. 0392000
MADGETT LAW
3637 Togo Road, Suite 417
Wayzata, MN 55391
(612) 568-7196
BChan@madgettlaw.com

ATTORNEY FOR PLAINTIFF
Michael Smith



EXHIBIT
A

STATE OF MINNESOTA  
County of Hennepin

Judicial District:  
Case Type:

DISTRICT COURT  
Fourth  
Civil

Michael Smith,  
Plaintiff

vs.

Monarch Recovery Management, Inc.  
Defendant

)
)
)
)
)
)
)
)
)
)
)
)
)

COMPLAINT

Demand for Jury Trial  
Yes __X__ No _____

PLAINTIFF, as and for his causes of action against the above-named defendant states and alleges as follows:

**Statement of Jurisdiction**

1. This Court has Jurisdiction over the subject matter of this action pursuant to Minn. Stat. §484.01, the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §1692 k (d), and the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. §227 (b) (3).

**Venue**

2

2. Venue is proper pursuant to Minn. Stat. §542.09 because the events giving rise to Plaintiff's causes of action against Defendant occurred within the State of Minnesota and the County of Hennepin.

### Parties and Location of Tort

3. Defendant is a Pennsylvania corporation registered to do business in Minnesota.

4. Plaintiff is informed and believes, and thereon alleges, that at all times relevant Defendant conducted business in the State of Minnesota and in the County of Hennepin.

5. The location of the tort occurred primarily in Hennepin County.

### Facts

6. Defendant is a debt collector.

7. Defendant purchased, became subrogated to, or otherwise acquired a right or contractual duty to collect upon a debt which Defendant alleged that Plaintiff owed to a third party original creditor.

8. On or about the month of October, 2011, Defendant began efforts to collect upon such alleged debt.

9. At no time during such collection efforts did Defendant notify Plaintiff of the nature of the underlying debt, the Plaintiff's rights to validation of the debt, or the Plaintiff's rights to be provided with the name and address of the original creditor.

3

10. As part of its collection efforts, Defendant placed or caused to be placed by an electronic or automated device numerous calls to Plaintiff's personal cellular telephone (hereinafter "cell phone").

11. Plaintiff's cellular telephone number is assigned to cellular telephone service for which Plaintiff incurs a per-call and per-minute usage charge for incoming calls.

12. During the first such call in which Plaintiff was able to speak with a live person, and during several subsequent calls, Plaintiff requested that Defendant cease calling Plaintiff's cell phone and provided an alternative means for Defendant to contact Plaintiff.

13. Defendant persisted in placing calls to Plaintiff's cell phone.

14. Defendant's calls to Plaintiff's cell phone include multiple instances in which Defendant placed numerous and repeated calls to Plaintiff.

15. On multiple occasions Defendant called Plaintiff's cell phone upwards of four times per week.

16. Plaintiff is informed and believes, and thereupon alleges, that Defendant placed such calls with the intent to annoy, abuse or harass Plaintiff.

17. Plaintiff is informed and believes, and thereon alleges, that Defendant knowingly and intentionally caused Plaintiff to incur such cell phone usage charges.

18. Plaintiff was forced on several occasions to turn off his cell phone to avoid repeated calls.

19. As a result of such continuous and repeated calls, Plaintiff became unable to use his cell phone for the purpose of sending and receiving personal phone calls.

20. Defendant's calls to Plaintiff's cell phone include multiple instances in which Plaintiff answered a call from Defendant and was greeted by an automated or pre-recorded message.

21. Defendant's calls to Plaintiff's cell phone include multiple instances in which Plaintiff answered a call from Defendant and was placed on hold by an automated system while a live representative was delayed in joining the call.

22. Plaintiff is therefore informed and believes, and thereupon alleges, that on multiple occasions Defendant placed calls to Plaintiff's cellular telephone using an "automatic telephone dialing system" as defined by 47 U.S.C. § 227 (a)(1).

23. Plaintiff is therefore informed and believes, and thereon alleges, that on multiple occasions, Defendant used an "artificial or prerecorded voice" in its calls to Plaintiff's cell phone.

24. Plaintiff is informed and believes, and thereon alleges, that no such calls were made for any emergency purpose.

## Specific Claims

### Count I – Violation of Fair Debt Collection 15 U.S.C. § 1692 d

25. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

26. The alleged debt owed by Plaintiff to a third party original creditor is a "debt" as defined by 15 U.S.C. § 1692 a (5).

5

27. Plaintiff was at all times mentioned herein a natural person allegedly obligated to pay a debt, and thus a "consumer" as defined by 15 U.S.C. § 1692 a (3).

28. Defendant was at all relevant times attempting to collect a debt allegedly owed by Plaintiff to a third party, and is therefore a "debt collector" as defined by 15 U.S.C. § 1692 a (6).

29. Defendant's telephone calls to Plaintiff are "communications" as defined by 15 U.S.C. § 1692 a (2).

30. Defendant's continuous and repeated calls to Plaintiff had the natural consequence of which to harass, oppress, and abuse Plaintiff, in violation of 15 U.S.C. § 1692 d.

31. Defendant's repeated calls to Plaintiff's cell phone, for which Plaintiff incurs usage charges per call had the natural consequence of which to harass, oppress, and abuse Plaintiff, in violation of 15 U.S.C. § 1692 d.

32. Defendant placed such calls with the intent to annoy, abuse, or harass Plaintiff, in violation of 15 U.S.C. § 1692 d.

33. As a result of these violations, Plaintiff is entitled to actual damages sustained as allowed by 1692 k (a)(1) and up to $1000 in additional damages under 1692 k (a)(2).

34.

Count II – Violation of Fair Debt Collection 15 U.S.C. § 1692 g

35. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

6

36. Defendant's failure to mail written Notice of Debt after insufficient initial disclosures is a violation of 15 U.S.C. §1692 g (a).

37. Defendant failed to notify Plaintiff of Plaintiff's rights as a consumer, as defined by 15 U.S.C. § 1692 g, in a timely manner.

38. As a result of these violations, Plaintiff is entitled to actual damages sustained under 15 U.S.C. §1692 k (a)(1) and up to $1000 in additional damages 15 U.S.C. §1692 k (a)(2).

### Count III – Nuisance (Minn. Stat. 561.01)

39. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

40. Defendant's repeated calling is highly disruptive and therefore injurious to health, indecent or offensive to the senses, and an obstruction to the free use of property, so as to interfere with the comfortable enjoyment of Defendant's property.

41. Plaintiff is entitled to damages under Minn. Stat. 561.01.

### Count IV – Trespass to Chattels

42. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

43. Defendant's repeated calling to Plaintiff's cell phone was so obstructive that Plaintiff was dispossessed of his ability to send and receive calls, the essential function of his phone.

44. Under the common law of Minnesota, Plaintiff is entitled to damages for said dispossession of his personal property.

### Count V – Invasion of Privacy

45. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

46. By repeatedly calling Plaintiff, Defendant intentionally intruded, physically or otherwise, upon the solitude or seclusion of Plaintiff or his private affairs or concerns.

47. Therefore, Defendant is subject to liability to the Plaintiff for invasion of his privacy, if such repeated and consecutive calls would be highly offensive to a reasonable person.

48. Plaintiff is entitled to damages.

### Count VI - Negligent Violations of the Telephone Consumer Protection Act 47 U.S.C. Section 227 Et Seq.

49. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

50. Plaintiff is, and at all times mentioned herein was, a "person" as defined by 47 U.S.C. § 153 (32).

51. Defendant is, and at all times mentioned herein was, a corporation and a "person" as defined by 47 U.S.C. § 153 (32).

52. Plaintiff is therefore informed and believes, and thereupon alleges, that on multiple occasions Defendant placed calls to Plaintiff's cellular telephone using an "automatic telephone dialing system" as defined by 47 U.S.C. § 227 (a)(1).

53. Plaintiff is therefore informed and believes, and thereon alleges, that on multiple occasions, Defendant used an "artificial or prerecorded voice" in its calls to Plaintiff's cell phone.

54. Plaintiff did not provide express consent to receive calls on Plaintiff's cell phone, and in fact explicitly requested on multiple occasions that Defendant not contact Plaintiff on Plaintiff's cell phone pursuant to 47 U.S.C. § 227 (b)(1)(A).

55. The foregoing acts and omissions of Defendant constitute numerous and multiple negligent violations of the TCPA, including but not limited to each and every one of the above-cited provisions of 47 U.S.C. § 227 et seq.

56. As a result of Defendant's negligent violations of 47 U.S.C. § 227 et seq, Plaintiff is entitled to an award of $500.00 in statutory damages for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B).

57. Plaintiff is also entitled to seek injunctive relief prohibiting such conduct in the future.

### Count VII – Knowing and/ or Willful Violations of the Telephone Consumer Protection Act 47 U.S.C. Section 227 Et Seq.

58. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

59. The foregoing acts and omissions of Defendant constitute numerous and multiple knowing and/ or willful violations of the TCPA, including but not limited to each and every one of the above-cited provisions of 47 U.S.C. § 227 et seq.

60. As a result of Defendant's knowing and/ or willful violations of 47 U.S.C. § 227 et seq., Plaintiff is entitled to treble damages, as provided by statute, up to $1,500.00 for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C).

61. Plaintiff is also entitled to and seeks injunctive relief prohibiting such conduct in the future.

### Relief

WHEREFORE, Plaintiff respectfully asks for judgment against defendant in an amount greater than $50,000.

Dated: December 23, 2011          Respectfully Submitted,

*Brian Y. Chan* (signature)

Brian Chan, esq.
Atty. Reg. No. 0392000
MADGETT LAW
3637 Togo Road, Suite 417
Wayzata, MN 55391
(612) 568-7196
BChan@madgettlaw.com

ATTORNEY FOR PLAINTIFF
Michael Smith

### Acknowledgement

Plaintiff acknowledges that, pursuant to Minn. Stat. Sec. 549.21 sub. 2, the Court in its discretion may award costs, disbursements, reasonable attorney's fees and witness fees to the parties against whom costs, disbursements, reasonable attorney's fees and witness fees were charged in bad faith.

Dated: December 23, 2011    By: *Brian Y. Chan* (signature)

Brian Chan
ATTORNEY FOR PLAINTIFF
Michael Smith